Jose L. Linares
Guillermo C. Artiles
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 639-7944
Fax: (973) 624-7070
jlinares@mccarter.com
gartiles@mccarter.com
mmakhail@mccarter.com

Herbert S. Washer (*Pro Hac Vice* Application Forthcoming)
Jason M. Hall (*Pro Hac Vice* Application Forthcoming)
Edward N. Moss (*Pro Hac Vice* Application Forthcoming)
Lauren A. Riddell (*Pro Hac Vice* Application Forthcoming)
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, NY 10005
Tel: (212) 701-3000
Faxe: (212) 269-5420
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
lriddell@cahill.com

*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK CALHOUN, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, | Case No. 1:23-cv-01297-KMW-SAK <br><br> **<u>Oral Argument Requested</u>** <br> **<u>[L.R. 78.1]</u>** |

|  |  |
|---|---|
| v. | **MOTION DAY: July 3, 2023** |
| CREDIT SUISSE GROUP AG, et al., | |
| Defendants. | |
| BRADEN TURNER, Individually and on Behalf of all Others Similarly Situated, | |
| Plaintiff, | Case No. 1:23-cv-01476-KMW-SAK |
| v. | |
| CREDIT SUISSE GROUP AG, et al., | |
| Defendants. | |
| MILTON LINHARES, Individually and on Behalf of all Others Similarly Situated, | |
| Plaintiff, | Case No. 1:23-cv-02246-KMW-SAK |
| v. | |
| CREDIT SUISSE GROUP AG, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................2

BACKGROUND .................................................................................3

ARGUMENT ....................................................................................7

  I.    THE ACTIONS COULD HAVE BEEN BROUGHT IN NEW YORK .........8

  II.   TRANSFER TO THE S.D.N.Y WOULD SERVE THE INTERESTS OF
      JUSTICE ..................................................................................11

CONCLUSION ...............................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Calhoun* v. *Credit Suisse Group AG*,
    1:23-cv-01297-KMW-SAK (D.N.J. Mar. 8, 2023) ....................................*passim*

*City of St. Clair Shores Police and Fire Retirement System* v. *Credit
    Suisse Group AG*, 1:21-cv-03385 (S.D.N.Y. Apr. 16, 2021) ..............................9

*City of Sterling Heights Police & Retirement System* v. *Reckitt
    Benckiser Group PLC*, 2020 WL 7022654 (D.N.J. Nov. 30, 2020) ...................9

*City of Westland Police and Fire Retirement System* v. *Metlife, Inc.*,
    1:12-cv-00256 (S.D.N.Y. June 17, 2013) ...........................................................10

*Delta Air Lines, Inc.* v. *Chimet, S.p.A.*,
    619 F.3d 288 (3d Cir. 2010) ..............................................................................12

*DG Vault, LLC* v. *Dunne*,
    2020 WL 57876 (D.N.J. Jan. 6, 2020)................................................................15

*ECD Investor Group* v. *Credit Suisse International*,
    1:14-cv-08486 (S.D.N.Y. June 17, 2013) ...........................................................10

*Elbit Systems Ltd.* v. *Credit Suisse Group*,
    1:09-cv-03176 (N.D. Ill. Jan. 1, 2009) ..............................................................11

*Fasano* v. *Li*,
    47 F.4th 91 (2d Cir. 2022) ...................................................................................9

*Financial Resources Federal Credit Union* v. *Alloya Corp. Federal
    Credit Union*,
    2021 WL 268176 (D.N.J. Jan. 27, 2021)...........................................................15

*Florez* v. *Freedom Mortgage Corp.*,
    2018 WL 3223521 (D.N.J. Jan. 10, 2018)..........................................................15

*Frato* v. *Swing Staging, Inc.*,
    2011 WL 3625064 (D.N.J. Aug. 17, 2011) ...................................................8, 16

*Gallagher* v. *Ocular Therapeutix, Inc.*,
  2017 WL 4882487 (D.N.J. Oct. 27, 2017) .......................................................12

*IAM National Pension Fund* v. *Farfetch Limited*,
  1:19-cv-08657 (S.D.N.Y. Sept. 17, 2019) ..........................................................9

*In re Magnum Hunter Resources Corp. Sec. Litig.*,
  1:13-cv-02668 (S.D.N.Y. Apr. 23, 2013) ..........................................................10

*Jumara* v. *State Farm Insurance Co.*,
  55 F.3d 873 (3d Cir. 1995) .......................................................................11, 12

*Karimi* v. *Deutsche Bank Aktiengesellschaft*,
  2022 WL 1001566 (D.N.J. Mar. 31, 2022) ...............................................9, 12, 13

*Lawtone-Bowles* v. *Thornburgh et al.*,
  1:23-cv-04813-US (S.D.N.Y. June 7, 2023) ......................................................10

*Linhares* v. *Credit Suisse Group AG*,
  1:23-cv-02246 (D.N.J. 2023).................................................................*passim*

*Metropolitan Life Insurance Co.* v. *Bank One, N.A.*,
  2012 WL 4464026 (D.N.J. Sept. 25, 2012)............................................10, 11, 13

*Michnowicz* v. *Government Employees Insurance Co.*,
  2021 WL 3566745 (D.N.J. Aug. 12, 2021) ........................................................12

*Monroe County Employees' Retirement System* v. *YPF Sociedad Anonima*,
  1:13-cv-00842 (S.D.N.Y. Feb. 5, 2013) ............................................................10

*Rubinstein* v. *Credit Suisse Group AG*,
  1:19-cv-01069 (S.D.N.Y. Feb. 4, 2019) ............................................................10

*Santi* v. *National Business Records Management, LLC*,
  722 F. Supp. 2d 602 (D.N.J. 2010)................................................................7, 14

*Set Capital LLC* v. *Credit Suisse Group AG*,
  1:18-cv-02268 (S.D.N.Y. Mar. 14, 2018)..........................................................10

*Sharrette* v. *Credit Suisse International*,
  4:13-cv-02783 (N.D. Cal. Oct. 21, 2014)..........................................................11

iii

*Tang* v. *Citic Capital Holdings Ltd.*,
  2022 WL 6036573 (D.N.J. Oct. 7, 2022) ...........................................................13

*Stevenson* v. *Thornburgh et al.*,
  1:23-cv-04458-CM (S.D.N.Y. May 28, 2023) ................................................... 10

*The Stone Family Trust* v. *Credit Suisse AG*,
  1:19-cv-05192 (S.D.N.Y. June 3, 2019)...............................................................9

*Turner* v. *Credit Suisse Group AG*,
  1:23-cv-01476-KMW-SAK (D.N.J. Mar. 20, 2023) ..................................*passim*

*Wu* v. *GSX Techedu Inc.*,
  2023 WL 2207422 (D.N.J. Feb. 24, 2023) .........................................................11

*Yang* v. *Odom*,
  409 F. Supp. 2d 599 (D.N.J. 2006)....................................................................13

*Y-Gar Capital LLC* v. *Credit Suisse Group AG*,
  1:19-cv-02827 (S.D.N.Y. Mar. 29, 2019)...........................................................10

## Statutes

15 U.S.C. § 78aa(a)................................................................................................8

28 U.S.C. § 1404(a) .......................................................................................1, 2, 8

Defendants respectfully submit this memorandum of law in support of their motion to transfer these three related actions to the United States District Court for the Southern District of New York ("S.D.N.Y.") under 28 U.S.C. § 1404(a).[1] Because the parties in each of the underlying actions have stipulated to, and the Court has so-ordered, a schedule whereby motions to dismiss will be filed after the forthcoming consolidated, amended complaint, Defendants do not at this time move to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6) or other grounds but reserve all rights.[2]

---

[1] In this brief, (i) "Credit Suisse" refers to Credit Suisse Group AG; (ii) "Individual Defendants" refers to Axel P. Lehmann, Ulrich Körner, Dixit Joshi, Thomas Gottstein, and David R. Mathers; (iii) "Defendants" refers to Credit Suisse and the Individual Defendants; (iv) "Calhoun Complaint" or "Calhoun Compl." refers to the Class Action Complaint in *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK (D.N.J. Mar. 8, 2023), ECF No. 1; (v) "Turner Amended Complaint" or "Turner Am. Compl." refers to the Amended Class Action Complaint in *Turner* v. *Credit Suisse Group AG*, 1:23-cv-01476-KMW-SAK (D.N.J. Mar. 20, 2023), ECF No. 4; (vi) "Linhares Complaint" or "Linhares Compl." refers to the Class Action Complaint in *Linhares* v. *Credit Suisse Group AG*, 1:23-cv-02246 (D.N.J. Apr. 21, 2023), ECF No. 1; (vii) "Moss Decl." refers to the Moss Declaration in Support of Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a); and (viii) "Belzer Decl." refers to the Declaration of Joan E. Belzer in Support of Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). Unless noted, emphasis is added and internal citations and quotations are omitted.

[2] Stipulation and Order, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK (D.N.J. Apr. 14, 2023), ECF No. 5; Stipulation and Order, *Linhares* v. *Credit Suisse Group AG*, 1:23-cv-02246 (D.N.J. May 18, 2023), ECF No. 7; Stipulation and Order, *Turner* v. *Credit Suisse Group AG*, 1:23-cv-01476-KMW-SAK (D.N.J. May 25, 2023), ECF No. 10.

## **PRELIMINARY STATEMENT**

These putative securities class actions have no connection to New Jersey and are not properly venued here.  None of the alleged misrepresentations and omissions that form the basis of Plaintiffs' complaints were issued in New Jersey.  None of the three named Plaintiffs reside in New Jersey (nor do any of the other applicants for Lead Plaintiff).  The corporate Defendant, Credit Suisse, is incorporated under the laws of Switzerland, where it maintains its principal executive offices.  The operations of Credit Suisse's U.S. subsidiaries are based in the S.D.N.Y.  None of the five Individual Defendants works or resides in New Jersey.  Although Plaintiffs speculate that some unidentified class members must reside in New Jersey, and that some unspecified harm therefore could have occurred here, the same could be said for any other jurisdiction in the country.

There is simply no reason for this case to remain in New Jersey and add to this Court's burdens.  The cases should be transferred to the S.D.N.Y. under 28 U.S.C. § 1404(a) because (i) Plaintiffs could have brought suit in that District; and (ii) transfer to the S.D.N.Y. would promote both the public and private interests.

*First*, there is no doubt that Plaintiffs could have brought suit in the S.D.N.Y. Credit Suisse has defended multiple securities class actions and other litigations in New York, including cases that have been transferred from other jurisdictions.  The same cannot be said of this District.  During the last two decades, Credit Suisse has

been named in only two securities fraud cases in the District of New Jersey:  one was voluntarily dismissed, and the other was transferred to the S.D.N.Y.

*Second*, New York has a far greater interest in this dispute than New Jersey, and both the public and private factors point to New York as the more appropriate forum.  Plaintiffs' choice of forum is not entitled to significant weight here because none of them reside in New Jersey.  Instead, the Court should give more weight to Credit Suisse's preference for New York because Credit Suisse's U.S. subsidiaries are based there, as are potentially relevant documents and witnesses.

Your Honor and the other judges in this District are already responsible for approximately six times as many pending cases per judge than judges in the S.D.N.Y. are.  Transferring these cases to New York would help facilitate the efficient distribution of finite judicial resources and reduce court congestion.  For these and the other reasons below, the Court should transfer these cases to the S.D.N.Y.

## BACKGROUND

The complaints make clear that these cases have no relationship to New Jersey:

*First*, nothing in the complaints even suggests that any of the parties are connected to New Jersey.  Although the complaints avoid identifying where any of the Plaintiffs reside or where they allegedly acquired Credit Suisse securities, the

Civil Cover sheets reveal that all three reside outside New Jersey.[3]  None of the other

Lead Plaintiff applicants reside in New Jersey either.[4]

The only allegations in the complaints that purport to involve New Jersey rely

on pure speculation and fail to distinguish New Jersey from any other judicial district

in the United States.  *See* Calhoun Compl. ¶ 15 ("[T]here are presumably hundreds,

if not thousands, of investors in Credit Suisse's securities located within the U.S.,

some of whom undoubtedly reside in this Judicial District."); *see also* Linhares

Compl. ¶ 24 (same); Turner Am. Compl. ¶ 4 ("[T]here are investors in Credit

---

[3] *See* Civil Cover Sheet, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK (D.N.J. Mar. 8, 2023), ECF No. 1-1 (showing that Mr. Calhoun is a resident of Oklahoma); Civil Cover Sheet, *Turner* v. *Credit Suisse Group AG*, 1:23-cv-01476-KMW-SAK (D.N.J. Mar. 16, 2023) (showing that Mr. Turner is a resident of Oklahoma), ECF No. 1-2; Civil Cover Sheet, *Linhares* v. *Credit Suisse Group AG*, 1:23-cv-02246 (D.N.J. Apr. 21, 2023), ECF No. 1-1 (showing that Mr. Linhares is a resident of Portugal).

[4] They are from Canada (Chung Lai Ken Ng), California (Paul Yang), China (Xivi Wang), Jordan (Ali Diabat), Turkey (Mehmet Resit As), and the Bahamas (Core Capital Partners, Ltd.).  *See* Memorandum of Law in Support of Consolidation, Lead Plaintiff Appointment, and Approval of Lead Counsel, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK, ECF No. 12-1 at 8–9; Declaration of Paul Yang, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK, ECF No. 14-7 at 1; Motion of Xiyi Wang for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK, ECF No. 17; Declaration of Ali Diabat, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK, ECF No. 16-9 at 1; Memorandum of Law in Support of Consolidation, Lead Plaintiff Appointment, and Approval of Counsel, *Calhoun* v. *Credit Suisse Group AG*, 1:23-cv-01297-KMW-SAK, ECF No. 18-2 at 13; Moss Decl. Ex. 1 (Core Capital Homepage).

Suisse's securities located within the U.S., some of whom reside in this Judicial District.").

Defendants, likewise, are not alleged to have any connection at all to New Jersey.  Plaintiffs concede that Credit Suisse is incorporated under the laws of Switzerland, where it maintains its principal executive offices.  *See* Calhoun Compl. ¶ 18; Turner Am. Compl. ¶ 8; Linhares Compl. ¶ 27.  Credit Suisse's main U.S. subsidiaries have their principal places of business in New York.  *See* Belzer Decl. ¶ 5 (same); Moss Decl. Ex. 2 (U.S. Securities and Exchange Commission ("SEC"), Form 20-F, filed Mar. 14, 2023) at 50 ("Our direct US offices are composed of our New York Branch and representative offices in California.").  In fact, these New York operations are described in detail in the same SEC filings that contain the statements giving rise to these litigations.  *See id.*; Moss Decl. Ex. 3 (SEC, Form 20-F, filed Mar. 10, 2022) at A-11 (identifying Credit Suisse's 11 Madison Avenue, New York, New York Branch as its "[m]ain office[]" in the Americas).  None of the Individual Defendants (Lehmann, Körner, Joshi, Gottstein, or Mathers) are alleged to reside or work in New Jersey either.  *See* Belzer Decl. ¶ 6 (stating that Lehman, Körner, Joshi, and Gottstein reside in Switzerland and Mathers resides in England).

*Second*, none of Plaintiffs' claims have any connection to New Jersey. Plaintiffs allege that Defendants made misleading statements concerning customer

5

outflows and internal controls that affected Credit Suisse's share price.[5]  *See* Calhoun Compl. ¶¶ 3, 7, 26–39; Turner Am. Compl. ¶¶ 19–34; Linhares Compl. ¶¶ 3–21.  But they do not and could not allege that ***any*** of the relevant conduct took place in New Jersey.  Instead, they again rely only on the generic allegation that the statements were available in New Jersey, just as they were available in every other judicial district (and indeed anywhere in the world).  *See, e.g.*, Turner Am. Compl. ¶ 4 ("[T]he alleged misstatements entered and the subsequent damages took place in this judicial district.").

*Third*, because none of the Parties have any ties to New Jersey, and none of the underlying conduct is alleged to have taken place in New Jersey, it is highly doubtful that there are any relevant witnesses or documents in this jurisdiction.

Unlike New Jersey, New York has significant ties to the case.  For example, one of the remaining Lead Plaintiff applicants, Core Capital Partners, Ltd., represented to this Court that its director "was physically present in either Orlando, Florida or Manhattan, New York when he caused Core Capital to buy Credit Suisse bonds in each of the transactions listed in his Amended Certification." Memorandum of Law: (1) In Further Support of Motion of Core Capital Partners, Ltd. for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead

---

[5] Plaintiffs allege that these securities "trade on the New York Stock Exchange."  *See* Calhoun Compl. ¶ 15; Turner Am. Compl. ¶ 4; Linhares Compl. ¶ 24.

Plaintiff's Selection of Lead Counsel; and (2) In Response to Competing Motions, *Calhoun* v. *Credit Suisse AG*, 1:23-cv-01297-KMW-SAK, ECF No. 25 at 10.  And because the operations of Credit Suisse's U.S. subsidiaries are run principally from offices in New York, it is probable that relevant documents and data may be found within the files of these subsidiaries.  *See* Belzer Decl. ¶ 5.  In addition, certain of the alleged misstatements were made in New York-based publications:  *The Wall Street Journal* and *Bloomberg*.  *See* Calhoun Compl. ¶¶ 27, 33; Turner Am. Compl. ¶ 22; Linhares Compl. ¶¶ 4, 50; *see also* Moss Decl. Ex. 4 (*Wall Street Journal's* "Contact Us" page) (listing the location of the newsroom as 1211 Avenue of the Americas in New York); Moss Decl. Ex. 5 (*Bloomberg* article dated March 1, 2018) (stating the location of *Bloomberg's* headquarters as 731 Lexington Avenue in New York).

## **ARGUMENT**

This court "may transfer any civil action to any other district or division where it might have been brought" if transfer serves the "convenience of [the] parties and witnesses" and the "interest of justice."  28 U.S.C. § 1404(a).  "The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternative forum is more convenient than the present forum."  *See Santi* v. *National Business Records Management, LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010).  Here, Defendants have met that burden because (i) "the proposed forum is

one in which Plaintiff[s] could have originally brought suit," and (ii) "transfer would be in the interest of justice and for the convenience of parties and witnesses." *Frato* v. *Swing Staging, Inc.*, 2011 WL 3625064, at \*2 (D.N.J. Aug. 17, 2011) (explaining that transfer analysis involves an assessment of the "relevant public and private interests").

## I.   THE ACTIONS COULD HAVE BEEN BROUGHT IN NEW YORK

"[T]he first step in a court's analysis of a motion to transfer is to determine whether venue would be proper in the proposed transferee district." *Frato*, 2011 WL 3625064, at \*3. Plaintiffs' claims under the Securities Exchange Act may be brought "in the district wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). Here, Plaintiffs do not and could not allege that Defendants made the alleged misstatements in New Jersey, nor do they allege that any Defendant (or any party, for that matter) "is found or is an inhabitant or transacts business" in New Jersey. Defendants reserve the right to contest jurisdiction and/or venue in New Jersey if the cases remain here.

By contrast, there can be no real dispute that these cases could have been brought in New York. The agreement underlying the Credit Suisse American Depositary Receipts ("ADRs") Plaintiffs purchased provides that Credit Suisse "consented and submitted to the jurisdiction of any state or federal court in the State

8

of New York in which any such suit or proceeding may be instituted." *See* Moss Decl. Ex. 6 (ADS Agreement, Section 7.6). The fact that Credit Suisse would not contest jurisdiction in New York further supports transfer here. *See City of Sterling Heights Police & Retirement System* v. *Reckitt Benckiser Group PLC*, 2020 WL 7022654, at *4 (D.N.J. Nov. 30, 2020) (granting transfer of ADR-based claims from the District of New Jersey to the S.D.N.Y. where ADR agreement contained New York jurisdiction clause); *Fasano* v. *Li*, 47 F.4th 91, 103–4 (2d Cir. 2022) (forum selection clause in deposit agreement governing ADSs covered federal securities claims).

In addition, the U.S. operations of Credit Suisse's New York subsidiaries are based in the S.D.N.Y., not in New Jersey. This too supports transfer. *See Karimi* v. *Deutsche Bank Aktiengesellschaft*, 2022 WL 1001566, at *3–4 (D.N.J. Mar. 31, 2022) (finding venue proper in New York in part because Deutsche Bank maintained a New York branch and its agent in the U.S. was located in New York, NY).

It is unsurprising, therefore, that the vast majority of recent cases alleging Exchange Act claims against a Credit Suisse entity have been filed in the S.D.N.Y. *See, e.g.*, Complaint, *City of St. Clair Shores Police and Fire Retirement System* v. *Credit Suisse Group AG*, 1:21-cv-03385 (S.D.N.Y. Apr. 16, 2021), ECF No. 1; Complaint, *IAM National Pension Fund* v. *Farfetch Limited*, 1:19-cv-08657 (S.D.N.Y. Sept. 17, 2019), ECF No. 1; Complaint, *The Stone Family Trust* v. *Credit*

*Suisse AG*, 1:19-cv-05192 (S.D.N.Y. June 3, 2019), ECF No. 1; Complaint, *Y-Gar Capital LLC* v. *Credit Suisse Group AG*, 1:19-cv-02827 (S.D.N.Y. Mar. 29, 2019), ECF No. 1; Complaint, *Rubinstein* v. *Credit Suisse Group AG*, 1:19-cv-01069 (S.D.N.Y. Feb. 4, 2019), ECF No. 1; Complaint, *Set Capital LLC* v. *Credit Suisse Group AG*, 1:18-cv-02268 (S.D.N.Y. Mar. 14, 2018), ECF No. 1; Complaint, *ECD Investor Group* v. *Credit Suisse International*, 1:14-cv-08486 (S.D.N.Y. June 17, 2013), ECF No. 1; Complaint, *In re Magnum Hunter Resources Corp. Sec. Litig.*, 1:13-cv-02668 (S.D.N.Y. Apr. 23, 2013), ECF No. 1;  Complaint, *Monroe County Employees' Retirement System* v. *YPF Sociedad Anonima*, 1:13-cv-00842 (S.D.N.Y. Feb. 5, 2013), ECF No. 1; Complaint, *City of Westland Police and Fire Retirement System* v. *Metlife, Inc.*, 1:12-cv-00256 (S.D.N.Y. Jan. 12, 2012), ECF No. 1.  Nor is it surprising that two cases asserting different legal claims based on certain of the same factual allegations at issue in these cases were recently filed in the S.D.N.Y. *See Stevenson* v. *Thornburgh et al.*, 1:23-cv-04458-CM (S.D.N.Y. May 28, 2023); *Lawtone-Bowles* v. *Thornburgh et al.*, 1:23-cv-04813-UA (S.D.N.Y. June 7, 2023).

In addition, at least three courts—including one court in the District of New Jersey—have transferred securities fraud cases against Credit Suisse entities to the S.D.N.Y.  *See Metropolitan Life Insurance Co.* v. *Bank One, N.A.*, 2012 WL 4464026 (D.N.J. Sept. 25, 2012) (transferring case based on forum-selection clause and noting that "New York has a special interest in bank fraud litigation as the

nation's financial capital"); Opinion and Order, *Elbit Systems Ltd.* v. *Credit Suisse Group*, 1:09-cv-03176 (N.D. Ill. Dec. 15, 2009), ECF No. 52  at 3 (transferring action against Credit Suisse to the S.D.N.Y. where the "complaint [did] not set forth facts that show its causes of action conclusively arose in Chicago"); Stipulation and Order, *Sharrette* v. *Credit Suisse International*, 4:13-cv-02783 (N.D. Cal. Oct. 21, 2014), ECF No. 70 (court approving stipulation seeking transfer of action against Credit Suisse to the S.D.N.Y. after entering an order requiring the parties to show cause why the case should not be transferred to the S.D.N.Y.).

Based on our review, Credit Suisse has been named in only two securities fraud cases filed in the District of New Jersey in the last 20 years.  One case (*Metropolitan Life Insurance Co.*, discussed above) was transferred to the S.D.N.Y. Plaintiffs voluntarily dismissed the claims against Credit Suisse in the second case at an early stage.  *Wu* v. *GSX Techedu Inc.*, 2023 WL 2207422, at *1 n.1 (D.N.J. Feb. 24, 2023).

## II.   TRANSFER TO THE S.D.N.Y WOULD SERVE THE INTERESTS OF JUSTICE

In analyzing whether transfer would serve the interests of justice under Section 1404(a), courts in this Circuit weigh the various "private" and "public" interests.  *Jumara* v. *State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Each of these factors either favors New York or is neutral.  None favor New Jersey.

**Private Interest Factors.** "The private interest factors are: (1) [P]laintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (primarily to the extent that the files could not be produced in the alternative forum)." *Michnowicz* v. *Government Employees Insurance Co.*, 2021 WL 3566745, at * 1 (D.N.J. Aug. 12, 2021) (citing *Jumara*, 55 F.3d at 879). These factors weigh heavily in favor of transfer.

Plaintiffs' forum preference—the only factor that even arguably weighs in favor of the District of New Jersey—should be afforded little to no deference in situations, as here, "when a plaintiff does not reside in his or her choice of forum." *Karimi*, 2022 WL 1001566, at *4; *see also Delta Air Lines, Inc.* v. *Chimet, S.p.A.*, 619 F.3d 288, 295–96 (3d Cir. 2010). Any other rule would only encourage plaintiffs to shop for a forum they perceive as favorable, even when they have no connection to it. "Moreover, a plaintiff's choice of forum becomes substantially less important [] when he sues representatively on behalf of a class." *Karimi*, 2022 WL 1001566, at *4; *see also Gallagher* v. *Ocular Therapeutix, Inc.*, 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017) (collecting cases in the District of New Jersey that have

afforded less deference to plaintiffs' forum choices in securities class actions). Because Calhoun, Turner, Linhares, and the remaining Lead Plaintiff applicants (i) are not residents of New Jersey, and (ii) purport to assert claims on behalf of a putative class, their forum preference should be given little, if any, weight.

The remaining five factors all point to New York:

- ***Defendants' Preference.*** Defendants prefer the S.D.N.Y. for all the reasons stated in this motion. That preference—particularly given Credit Suisse's ties to New York, the pendency in New York of other litigation relating to some of the same underlying events, and the absence of any connection between this case and New Jersey—bears consideration, particularly because this case remains at the earliest stage. *See, e.g., Karimi*, 2022 WL 1001566, at *7 ("[P]ractical considerations tip in favor of transfer because Defendants' choice of forum bear[s] the most substantial connection to the events surrounding this case, [and] the District of New Jersey has invested few of its resources to this action, which is in its infancy.").

- ***Where the Claim Arose.*** Plaintiffs do not allege (nor could they) any fact showing that the statements at issue were made in this District or that any relevant conduct occurred here. Rather, they rely only on the conclusory assertion that "the alleged misstatements entered and the subsequent damages took place in this judicial district." Turner Am. Compl. ¶ 4. But even if Plaintiffs had factual support for this bare allegation (and they do not), "[n]umerous courts have transferred claims to districts where the alleged misrepresentations were made, and ***not*** where the alleged misrepresentations were received or relied upon." *Metropolitan Life Insurance Co.*, 2012 WL 4464026, at *6; *see also Tang* v. *Citic Capital Holdings Ltd.*, 2022 WL 6036573, at *7 (D.N.J. Oct. 7, 2022) ("In actions involving misrepresentations and misleading omissions, such wrongdoing is deemed to occur in the location from which the fraudulent statement or omission itself originated, not where such information is received"). Here, the complaints allege no violation in New Jersey.

- ***Convenience of the Parties.*** Because no party is a resident of New Jersey, this District is no more convenient than any other. *See Yang* v. *Odom*, 409 F.

13

Supp. 2d 599, 607 (D.N.J. 2006) ("The District of New Jersey is no more geographically convenient for the Plaintiffs than the Northern District of Georgia considering that the lead plaintiffs are residents of South Carolina, Indiana, and California and the potential class members are apparently located throughout the country."). To the contrary, given that Credit Suisse's U.S. subsidiaries and operations are run primarily from its New York offices, the convenience factor weighs in favor of the S.D.N.Y.

- ***Convenience of the Witnesses.*** To the extent that the witnesses may include (i) current or former Credit Suisse employees who live in New York or (ii) current or former employees of the publications in which certain alleged misstatements were allegedly made, such as *The Wall Street Journal* or *Bloomberg* (both based in New York), there is a better chance that those witnesses would be unavailable for trial in the District of New Jersey than in the S.D.N.Y. *See Santi*, 772 F. Supp. 2d at 608 (considering whether transporting witnesses to the forum would be inconvenient, where the defendant corporation was headquartered, and whether any witnesses would be unavailable in either forum).

- ***Location of Books and Records.*** To the extent that relevant documents, data, or other evidence are located in the U.S., they will likely be found at the offices of Credit Suisse's U.S. subsidiaries in New York. There is no suggestion that any relevant documents are in this District.

**Public Interest Factors.** "The public interest factors are, *inter alia*: "[(1)] the practical considerations that could make the trial easy, expeditious, or inexpensive; [(2)] the relative administrative difficulty in the two fora resulting from court congestion; [(3)] the local interest in deciding local controversies at home; [and (4)] the public policies of the fora." *Id*. These factors also favor transfer to New York.

14

*First*, to the extent that witnesses and relevant documents are located in New York, that would make any trial easier, more expeditious, and less expensive than a trial in New Jersey, where no witnesses or relevant documents are located.

*Second*, a transfer to the S.D.N.Y. would also facilitate efficient use of judicial resources and alleviate court congestion. As discussed above, there are two recently filed pending cases in the S.D.N.Y. that have similar allegations to the complaints here. And still, according to public records, there are ***six times*** as many pending cases per judge in this District (3,741) than in the S.D.N.Y. (620). Moss Decl. Ex. 7 (U.S. District Courts, National Judicial Caseload Profile, Mar. 2023). Thus, transfer would result in a more efficient allocation of resources and would help reduce court congestion. *See Financial Resources Federal Credit Union* v. *Alloya Corp. Federal Credit Union*, 2021 WL 268176, at *8 (D.N.J. Jan. 27, 2021) (finding that the "administrative difficulties stemming from court congestion heavily support[ed] transfer[]" to the District of Ohio where Ohio had fewer pending cases than New Jersey); *DG Vault, LLC* v. *Dunne*, 2020 WL 57876, at *7 (D.N.J. Jan. 6, 2020) (granting transfer from New Jersey to Florida in part due to the number of pending cases because "Florida may be in a better position to more quickly and efficiently adjudicate this matter than New Jersey").

*Third*, New Jersey does not have any strong interest in this dispute between non-New Jersey parties about alleged conduct that occurred outside New Jersey. *See*

*Florez* v. *Freedom Mortgage Corp.*, 2018 WL 3223521, at *1 (D.N.J. Jan. 10, 2018) (ordering parties to show cause why case should not be transferred from New Jersey to North Carolina where North Carolina had a "strong interest" because the matter involved North Carolina residents and property).  That is particularly true given the litigation's very early stage.  *See Frato*, 2011 WL 3625064, at *7 (transfer was practical where the District of New Jersey had "invested few of its resources to this action" given that the case was "in its infancy.").

## CONCLUSION

For these reasons, the Court should transfer these actions to the S.D.N.Y.

Dated: June 9, 2023

By: *Jose L. Linares*
Jose L. Linares
Guillermo C. Artiles
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 639-7944
Fax: (973) 624-7070
jlinares@mccarter.com
gartiles@mccarter.com
mmakhail@mccarter.com

16

Herbert S. Washer
(*Pro Hac Vice* Application Forthcoming)
Jason M. Hall
(*Pro Hac Vice* Application Forthcoming)
Edward N. Moss
(*Pro Hac Vice* Application Forthcoming)
Lauren A. Riddell
(*Pro Hac Vice* Application Forthcoming)
**CAHILL GORDON & REINDEL LLP**

32 Old Slip
New York, NY 10005
Tel: (212) 701-3000
Fax: (212) 269-5420
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
lriddell@cahill.com

*Attorneys for Defendants*